UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EDOM LABORATORIES, INC., a New York
corporation,

              Plaintiff,

     -against-

SPECIAL TEA PLUS, INC., a New York
corporation; BODY BREAKTHROUGH, INC.,
a New York corporation; HERB NATURALS,
INC., a New York corporation; ROSA REECE,
an individual; GARY HARLEM, an individual;
CORI LICHTER, an individual; and
GLENN LICHTER, an individual,

              Defendants.
-----------------------------------------------------------X

**OPINION & ORDER**
**CV-09-5185 (SJF)(ETB)**

FEUERSTEIN, J.

On November 25, 2009, plaintiff Edom Laboratories, Inc., ("plaintiff") filed a complaint against defendants Special Tea Plus, Inc. ("Special Tea"); Bodybreakthrough, Inc. ("Bodybreakthrough"); Herb Naturals, Inc. ("Herb Natural"); Rosa Reece ("Reece"); Gary Harlem ("Harlem"); Cori Lichter ("C. Lichter") and Glenn Lichter ("G. Lichter") (collectively, "defendants") alleging claims, *inter alia*, for unfair competition, trademark infringement and dilution, trade dress infringement and unjust enrichment. On January 29, 2010, plaintiff filed a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking a preliminary injunction enjoining defendants from selling or offering for sale herbal teas using the name "Super Chiro" and from otherwise infringing upon plaintiff's purported rights in the "Chiro-Klenz" mark and associated trade dress. For the reasons set forth herein, plaintiff's motion is

1

granted in part and denied in part.

A.  Standard for Injunctive Relief

The standard for obtaining a preliminary injunction in a trademark infringement action is similar to the standard used in other types of cases, see Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 242 (2d Cir. 2009), i.e., a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 129 S.Ct. at 376.

1.  Likelihood of Success

In order to prevail on a trademark infringement claim under both sections 32(1) and 43(a) of the Lanham Act, a plaintiff must demonstrate (1) that its mark merits protection; and (2) that it is probable, not just possible, that the defendant's use of a similar mark will cause consumer confusion. Brennan's, Inc. v. Brennan's Restaurant, L.L.C., 360 F.3d 125, 129-130, 134 (2d Cir. 2004); see also Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 25 (2d Cir. 2004) (holding that to prevail on its trademark claim, the plaintiff must demonstrate that its mark and trade name is distinctive and that numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question). In order to prevail on a trade dress infringement claim under the Lanham Act, a plaintiff must demonstrate that the trade dress is not functional

and that it is either inherently distinctive or has acquired secondary meaning[1] in the marketplace. Nora Beverages, Inc. v. Perrier Group of America, Inc., 269 F.3d 114, 118 (2d Cir. 2001).

"The key for a plaintiff in proving infringement of its trademark [or trade dress under Section 43(a) of the Lanham Act] is to show the likelihood of consumer confusion." Brennan's, 360 F.3d at 128; see also Nora Beverages, 269 F.3d at 118-119 (holding that in order to prevail on a trade dress infringement claim, a plaintiff must prove that the allegedly infringing product is likely to confuse consumers as to its source or sponsorship). "In trademark disputes, 'a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm.'" Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005) (citing Hasbro, Inc. v. Lanard Toys, Ltd., 858 F.2d 70, 73 (2d Cir. 1988)); Brennan's, 360 F.3d at 129 (accord).

To evaluate the likelihood of consumer confusion, the court must consider the following factors, among others, first set forth in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961): "(1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; (5) actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of the consumers in the relevant market." Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 115 (2d Cir. 2009); see

---

[1] A mark or trade dress has acquired secondary meaning when "in the minds of the public, the primary significance of [the mark or trade dress] is to identify the source of the product rather than the product itself." Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 211, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000).

also Brennan's, 360 F.3d at 130. "No single factor is dispositive * * * and each factor must be evaluated in the context of how it bears on the ultimate question of likelihood of confusion as to the source of the product." Brennan's, 360 F.3d at 130 (internal quotations and citations omitted); see also Nora Beverages, 269 F.3d at 119 (holding that when conducting a Polaroid analysis, a court must look to the totality of the product and should focus on the ultimate question of whether consumers are likely to be confused).

Plaintiff has established a likelihood of success on the merits on its trade dress infringement claims based upon, *inter alia*, the following facts: (1) defendants assigned the "Chiro-Klenz" mark and associated trade dress and good will to plaintiff; (2) the "Chiro-Klenz" mark and trade dress are protectable; (3) the mark and packaging used by defendants on its "Super Chiro" product is similar to the "Chiro-Klenz" trade dress and is more likely than not to cause consumer confusion; (4) the two products are in direct competition with each other, as a result of which there is no gap to bridge; (5) there has been actual consumer confusion caused by the similarity in trade dress of the two products; (6) defendants are capitalizing on plaintiff's good will by creating the overall impression to consumers that they are purchasing "Chiro-Klenz" or a superior product created by the makers of "Chiro-Klenz;" and (7) the consumers of the parties' products are not likely to be so sophisticated that they would not be misled by the similarity of the marks and trade dress. Accordingly, upon consideration of the relevant Polaroid factors, I conclude that plaintiff has established the requisite likelihood of success on the merits of its trade dress infringement claim.

       2.      Irreparable Injury

"A plaintiff who establishes that an infringer's use of its trademark creates a likelihood of consumer confusion generally is entitled to a presumption of irreparable injury." Zino Davidoff 571 F.3d at 246 (internal quotations and citations omitted). Since plaintiff has proffered evidence of actual consumer confusion, it has established a likelihood of success on the merits.

3. Balance of Equities

Defendants will not be substantially harmed by the preliminary injunction because they may continue to sell their product under different names and may also continue to sell the remaining infringing products, although they remain liable to compensate plaintiff at a price per box, to be negotiated by the parties, of each infringing product sold from the date this action was commenced. To the contrary, plaintiff will suffer substantial harm absent an injunction as a result of, *inter alia*, actual consumer confusion. Accordingly, the balance of equities weighs in favor of plaintiff.

III. CONCLUSION

For the foregoing reasons, upon plaintiff's posting of security in the amount of one hundred seventy-five thousand dollars ($175,000.00) pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff's application for a preliminary injunction is granted to the extent that defendants (1) are enjoined from selling or offering for sale herbal teas using plaintiff's trade dress, including the claim to the effect that their tea is manufactured "from the original makers of Chiro-Klenz;" and (2) shall compensate plaintiff for any infringing product sold from the date this action was commenced at a price per box of each product sold to be negotiated by the

parties. The branch of plaintiff's application seeking a preliminary injunction enjoining defendants use of the name "Super Chiro" is denied without prejudice to renewal upon the determination of the Trademark Trial and Appeals Board of the Patent and Trademark Office on defendants' application to register the "Super Chiro" name.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: February 16, 2010
      Central Islip, New York